IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMEGA HOLDINGS, INC., a Missouri Corporation, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-4022-CV-C-WAK |
| SPIRIT AVIATION, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER

There are three motions pending in this action brought by Amega Holdings, Inc., and Greg Deline against Spirit Aviation, Inc., and Larry Marshall. The claims against TIB- The Independent Bankers Bank have been severed and transferred, and are no longer at issue in this case.

First, plaintiffs filed a motion on February 8, 2006, to remand this case back to the Circuit Court of Cole County, Missouri. Then, on February 10, 2006, plaintiffs filed a second motion to remand, or in the alternative, to strike defendants' first amended joint notice of removal. Thereafter, on March 15, 2006, defendant Marshall filed a motion to dismiss alleging plaintiffs failed to state a claim against him. The motions are fully submitted, a conference was held, and the matters have been carefully considered.

Plaintiffs initiated this case in the Circuit Court of Cole County, Missouri, on January 4, 2006, against Spirit Aviation, Inc., and TIB - The Independent Bankers Bank. In an amended petition filed on January 25, 2006, Larry Marshall was added as a defendant. On February 1, 2006, defendants Spirit Aviation, Inc., and TIB- The Independent Bankers Bank filed a notice of removal to this federal court, based upon complete diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441. The original notice of removal does not mention defendant Marshall. Subsequently, on February 9, 2006, defendants filed a first amended joint notice of removal, including defendant Marshall, and asserting fraudulent joinder.

A state court case may be removed to federal court if the case would have been within the original jurisdiction of the federal court when it was filed. 28 U.S.C. § 1441. If subject matter jurisdiction is lacking, however, the case must be remanded back to the state court. 28 U.S.C. § 1447(c). The removal in this case was based upon diversity of citizenship, under 28 U.S.C. § 1332, which requires that the case be between citizens of different states. The removal statute states such an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Plaintiffs are citizens of the State of Missouri. Defendant Spirit Aviation, Inc., is a California corporation and defendant Marshall is a Missouri citizen. Thus, plaintiffs assert this court lacks subject matter jurisdiction because complete diversity is not present.

The removing defendants have the burden of demonstrating that removal to federal court is appropriate. Thomas v. Brown and Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. April 28, 2006). Defendants assert removal is appropriate because defendant Marshall was fraudulently joined by plaintiffs to thwart removal.

When a nondiverse party is joined in the state case, defendants may avoid remand only by showing that the nondiverse defendant was fraudulently joined. Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 809 (8th Cir. 2003). "The 'common thread' underlying the question whether a defendant has been fraudulently joined to defeat diversity jurisdiction 'is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis of the underlying state claim.' '[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006) (internal citations omitted).

Joinder is fraudulent if it is clear under the governing state law that the complaint does not state a claim against the nondiverse party. If, however, there is a colorable claim under state law, joinder is not fraudulent. Filla v. Norfolk Southern Railway Co., 336 F.3d at 810.

The complaint in this case arises from a series of events involving, among other things, the purchase, guaranty, financing, and leasing of an aircraft. The original claims against defendant TIB - The Independent Bankers Bank for breach of contract, for fraud and to prevent arbitration have been severed and transferred. Count III of the complaint is against defendant

2

Spirit Aviation, Inc., for breach of a sublease related to the costs, use and maintenance of the aircraft.

Count IV of the complaint is against defendant Marshall for negligent misrepresentation under Missouri law. Plaintiffs allege that defendant Marshall, a pilot engaged in the aviation industry, recommended a broker to them for the disposal of an aircraft and the purchase of a new aircraft. Plaintiff Amega engaged that broker, who schemed with other individuals to have the new aircraft purchased and leased at an inflated value. Plaintiffs claim they relied on Marshall's recommendation of the broker as a reliable and knowledgeable aircraft broker, and they later suffered a loss because of their reasonable reliance. They allege Marshall intentionally gave the recommendation in the course and scope of his business, and that he failed to exercise reasonable care or confidence in providing the information.

Under Missouri law, a pleading setting forth a claim must contain "[a] short and plain statement of the facts showing that the pleader is entitled to relief." Mo. Ann. Stat. § 505.050 (West Supp. 2006). "Fact-pleading presents, limits, defines and isolates the contested issues for the trial court and the parties in order to expedite a trial on the merits." Gibson v. Brewer, 952 S.W.2d 239, 245 (Mo. 1997). Thus, to show they are entitled to relief, plaintiffs must set forth facts meeting the elements of their claim.

"The elements of a claim of negligent misrepresentation are derived from the Restatement (Second) of Torts § 552 (1977)." Wellcraft Marine v. Lyell, 960 S.W.2d 542, 546 (Mo. App. 1998). They are: (1) the speaker supplied information in the course of his or her business because of some pecuniary interest, (2) the information was false, (3) the speaker did not exercise reasonable care or competence in obtaining or communicating this information, (4) it was provided for the guidance of a limited group of persons in a particular business transaction, (5) the listener justifiably relied on the information, (6) and, as a result of the reliance, plaintiff suffered a pecuniary loss. Collins v. Missouri Bar Plan, 157 S.W.3d 726, 734 (Mo. App. 2005). In some cases, the first element has been stated slightly different, requiring that the "speaker supplied information in the course of his business or because of some other pecuniary interest." Vickers v. Progressive Casualty Ins. Co., 979 S.W.2d 200, 204 (Mo. App. 1998).

Defendants assert plaintiff has not alleged facts showing (1) Marshall supplied information in the course of his business or because of some pecuniary interest, (2) Marshall supplied false information, and (3) plaintiffs justifiably relied upon the information and suffered a pecuniary loss.

"Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1983). If there is a possibility, however, that the plaintiff has stated a claim or that state law might impose liability, joinder is not fraudulent and remand is required. Filla v. Norfolk & Southern Railway, 336 F.3d at 810; Thomas v. Brown and Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. April 28, 2006); El Dorado Springs R-2 School Dist. v. Moos, 264 F. Supp 815, 818-19 (W.D. Mo. 1967).

After a careful review of the entire complaint, the court finds there is at least a possibility that plaintiffs have pled sufficient facts under Missouri law to state a claim against defendant Marshall. The complaint alleges Marshall is a pilot engaged in the aviation industry. Marshall recommended an aircraft broker to plaintiffs and plaintiffs relied upon Marshall's recommendation. With the assistance of the broker, contracts and leases were made. Some of the individuals involved were dishonest in their dealings and losses were incurred. Plaintiffs allege Marshall said the broker was reputable and knowledgeable and that he failed to exercise reasonable care or confidence before making those statements. Marshall directed his comments to plaintiffs for a particular purpose.

On the facts as alleged by plaintiffs, there is a possibility that plaintiffs have stated a claim and defendants' claim of fraudulent joinder must fail. Whether plaintiffs will survive a motion to dismiss in state court or ultimately succeed or fail on their claims is best left to the Missouri courts.

For these reasons, the court finds that defendants have not met their burden of demonstrating that defendant Marshall was fraudulently joined to defeat removal. In the absence of complete diversity, this court lacks jurisdiction to rule defendant Marshall's motion to dismiss pursuant to state law, and remand is required. Accordingly, it is

4

ORDERED that plaintiffs' motions of February 8 and 10, 2006, to remand are granted and this case is remanded to the Circuit Court of Cole County, Missouri, for all further proceedings. [5, 8]  It is further

ORDERED that plaintiffs' alternative motion of February 10, 2006, to strike defendants' first amended joint notice of removal is denied. [8]  It is further

ORDERED that Larry Marshall's motion to dismiss, filed March 15, 2006, is remanded with this case to the Circuit Court of Cole County, Missouri. [29]

Dated this 11th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge